UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

BETTY W. HART,

        Plaintiff,

v.

HANOVER COUNTY SCHOOL BOARD,
MICHAEL R. ASHBY, SR.,

        Defendants.

Action No. 3:10-CV-794

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendants' Motion to Dismiss. (Doc. Nos. 3 and 6.) Defendants move the Court to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated below, the Court GRANTS the Motion to Dismiss.

### I. BACKGROUND

Plaintiff Betty W. Hart ("Hart") filed a Complaint against Defendants Hanover County School Board ("School Board") and Michael R. Ashby, Sr. ("Ashby"), on October 29, 2010, alleging violations of the Fair Labor Standards Act ("FLSA"). Hart alleges Defendants fired her on September 24, 2010, in retaliation for her participation in another lawsuit involving alleged violations of the FLSA.

The School Board employed Hart as a school bus driver. Hart and several other school bus drivers filed a lawsuit against the School Board on April 28, 2005 ("2005 lawsuit"), alleging that the School Board violated the FLSA by not paying them proper

1

overtime compensation for the time between dropping the last child off at school and parking the bus. The parties settled the 2005 lawsuit in February 2009.

Hart now alleges that Ashby recommended that the School Board discharge her in willful retaliation for her participation in the 2005 lawsuit, and that the School Board did so on September 24, 2010. Hart further alleges that the reason Defendants gave for her discharge, that she knowingly violated a specific procedure that she had been reminded about before, is pretext for the retaliatory firing.

## II. LEGAL STANDARD

A motion to dismiss "test[s] the sufficiency of the complaint to see if it alleges a claim for which relief can be granted." Dolgaleva v. Va. Beach City Pub. Sch., 364 Fed. Appx. 820, 825 (4th Cir. 2010). A pleading states a claim if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff must allege facts sufficient "[t]o raise a right to relief above the speculative level" and provide "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). A claim is plausible on its face if "[p]laintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Dismissal is appropriate if the defendant can demonstrate "'[b]eyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Twombly, 550 U.S. at 561 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In other words, if it is clear

2

that the plaintiff cannot obtain any relief even if her allegations are true, the complaint should be dismissed for failure to state a claim. See Neitzke v. Williams, 490 U.S. 319, 327 (1989). In ruling on a Rule 12(b)(6) motion, a court must "accept as true all of the factual allegations in the complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2007), as well as any facts consistent with those allegations that can be proved, Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Further, the court must view all facts in the light most favorable to the plaintiff. See Christopher v. Harbury, 536 U.S. 403, 406 (2002).

### III. ANALYSIS

Defendants argue that Hart's Complaint does not allege facts that make it clear she has a plausible claim, as it does not establish that her protected activity caused an adverse employment action. Because Hart has not alleged a causal connection between her participation in the 2005 lawsuit and her termination, Defendants argue that the Complaint should be dismissed for failure to state a claim.

Defendants maintain that the lengthy period between Hart's protected activity and her termination indicates the former did not cause the latter. This Court dismissed the 2005 lawsuit in February 2009 pursuant to the parties' settlement agreement, but Hart was not terminated until September 2010, nineteen months later. Defendants argue that, while temporal proximity can help prove causation in a retaliation case, lapses of one year or more between the protected activity and an adverse action do not suffice to prove causation. See Martin v. Merck & Co., Inc., 446 F. Supp. 2d 615, 638 (W.D. Va. 2006). See also Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 274 (2001) (holding that a lapse of twenty

3

months between protected activity and an alleged injury suggested no causal connection between the events).

Defendants also argue that Hart's suggestions of pretext do not suffice to state a claim upon which relief can be granted because it does not prove that her participation in the 2005 lawsuit led to her termination. Pretext alone does not establish unlawful conduct. Thus, even if the stated reason for an action is false, the plaintiff must still prove that some forbidden motive led to the adverse action. Mathis v. Perry, 996 F. Supp. 503, 517 (E.D. Va. 1997). Defendants argue that Hart has not met this burden.

Hart argues that whether a given time period supports an inference of causation depends on the facts of each case. She urges the Court to consider July 26, 2010, the date she was suspended, her date of termination. Hart states that if the Court uses July 2010, instead of September 2010, as the date of the alleged injury, the time between the protected activity and the injury is reduced to seventeen months. Under these circumstances, Hart believes a lapse of seventeen months is short enough to support an inference of causation.

The FLSA prohibits an employer from retaliating against an employee who takes action to protect her rights under the FLSA. See 29 U.S.C. § 215(a)(3) (making it unlawful for an employer "[t]o discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act. . . ."). To establish retaliation under the FLSA, a plaintiff must prove: (1) she "engaged in an activity protected by the FLSA; (2) [she] suffered adverse action by the employer subsequent to or contemporaneous with such protected

4

activity; and (3) a causal connection exists between the employee's activity and the employer's adverse action." Darveau v. Detecon, Inc., 515 F.3d 334, 340 (4th Cir. 2008).

Regardless of whether this Court uses seventeen or nineteen as the number of months between Hart's protected activity and her termination, the length of time is too long to show a causal connection between the two. Courts generally require "very little evidence of a causal connection" to establish a prima facie case under the FLSA, with some courts holding that mere "[c]loseness in time between the filing of a . . . charge and an employer's firing an employee is sufficient" to establish causation. Tinsley v. First Union Nat'l Bank, 155 F.3d 435, 443 (4th Cir. 1998). It is well-settled, however, that a longer period of time between a protected activity and an alleged retaliatory act is, without more, insufficient to prove causation.  See Shields v. Fed. Express Corp., 120 Fed. Appx. 956, 963 (4th Cir. 2005) (four month gap between protected activity and alleged retaliatory action was insufficient to prove causation); Causey v. Balog, 162 F.3d 795, 803 (4th Cir. 1998) (thirteen month interval between protected activity and termination insufficient to prove causation); Bragg v. Orthopaedic Assocs. of Va., Ltd., No. 2:06-CV-347, 2007 U.S. Dist. LEXIS 14836, at *27-28 (E.D. Va. Mar. 2, 2007) ("[t]he passage of eleven months between the alleged protected activity and the alleged constructive discharge cannot, by itself, provide the causal link required for the plaintiff to make a prima facie case of retaliation.");  Jackson v. Mayor & Balt. City, No. 08-3103, 2009 U.S. Dist. LEXIS 59787, at *21 (D. Md. July 14, 2009) ("[s]everal courts have found that a period of six months to a year between the protected activity and the adverse employment action is, without other evidence of causation, insufficient as a matter of law to establish a prima facie case of retaliation.").

Hart's Complaint simply alleges that Defendants discharged her because of her protected activity. The only argument she makes for causation is that the Court should calculate the time period between the 2005 lawsuit and her discharge as seventeen months instead of nineteen months. This is insufficient. Hart has not made out a prima facie case under the FLSA's anti-retaliation provision and, consequently, her claim must fail. See Blevins v. Suarez, No. 4:08-CV-14, 2008 U.S. Dist. LEXIS 80339, at *18 (W.D. Va. Oct. 10, 2008), aff'd, 322 Fed. Appx. 284 (4th Cir. 2009) ("[b]ecause [Plaintiff] cannot satisfy his prima facie burden under the FLSA anti-retaliation provision, his claim fails according to Rule 12(b)(6)."). Because the Court has determined that Hart's Complaint fails to state a claim upon which relief can be granted, the Court does not reach the issue of whether Ashby is an employer under the FLSA.

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS the Motion to Dismiss and dismisses this action with respect to all Defendants.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate Order shall issue.

> _____/s/_____
> James R. Spencer
> Chief United States District Judge

ENTERED this \_\_11th\_\_\_ day of February 2011