UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

BETTY W. HART,

                            Plaintiff,

v.                                   Action No. 3:10-CV-794

HANOVER COUNTY SCHOOL BOARD,
MICHAEL R. ASHBY, SR.,

                            Defendants.

## MEMORANDUM OPINION

THIS MATTER is before the Court on Plaintiff Betty W. Hart's Motion for Reconsideration (Doc. No. 20) and Motion for Leave to File Amended Complaint (Doc. No. 21). Plaintiff moves the Court to reconsider its final order granting Defendants' Motion to Dismiss and permit her to file an amended complaint. For the reasons stated below, the Motion for Reconsideration is HEREBY DENIED and the Motion for Leave to File Amended Complaint is HEREBY DENIED AS MOOT.

### I. BACKGROUND

Plaintiff Betty W. Hart ("Hart") filed a Complaint against Defendants Hanover County School Board ("School Board") and Michael R. Ashby, Sr. ("Ashby"), on October 29, 2010, alleging a violation of the Fair Labor Standards Act ("FLSA"). Hart alleged Defendants fired her September 24, 2010, in retaliation for her participation in another lawsuit involving an alleged violation of the FLSA ("the 2005 lawsuit").[1] The Complaint further

---

[1] The School Board employed Hart as a school bus driver. Hart and several other school bus drivers filed the 2005 lawsuit against the School Board alleging the School Board violated the FLSA by not paying them proper overtime compensation for the time between dropping the last child off at school and parking the bus. The parties settled the 2005 lawsuit in February 2009.

1

alleged the reason Defendants gave for her discharge, that she knowingly violated a specific procedure that she had been reminded about before, was pretext for the retaliatory firing. This Court granted Defendants' Motion to Dismiss February 11, 2011.

## II. LEGAL STANDARD

### a. Motion for Reconsideration

A motion to reconsider takes the form of a motion to alter or amend a judgment under the Federal Rules of Civil Procedure. See EEOC v. Lockheed Martin Corp., 116 F.3d 110, 111 (4th Cir. 1997). Rule 59(e) of the Federal Rules of Civil Procedure governs motions to alter or amend a judgment. It simply provides, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). It is well-settled, however, that there are only three grounds for granting a motion to alter or amend a judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993).

A Rule 59(e) motion is "'an extraordinary remedy which should be used sparingly.'" Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Wright et al., Federal Practice and Procedure § 2810.1, at 124 (2d ed. 1995)). The motions may not be used "to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Id.

### b. Motion for Leave to File Amended Complaint

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits a party to amend a pleading with the opposing party's written consent or leave of the court. Courts "should

2

freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[A] post-judgment motion to amend is evaluated under the same legal standard as a similar motion filed before judgment was entered -- for prejudice, bad faith, or futility." Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006). There is, however, one caveat: a court cannot grant a post-judgment motion for leave to file an amended complaint unless the judgment is vacated pursuant to Rule 59(e) or 60(b) of the Federal Rules of Civil Procedure. Id.

## III. DISCUSSION

The Court granted Defendants' Motion to Dismiss and dismissed Hart's Complaint after finding she did not properly allege causation. Hart disagrees with the Court's holding

> Hart's Complaint simply alleges that Defendants discharged her because of her protected activity. The only argument she makes for causation is that the Court should calculate the time period between the 2005 lawsuit and her discharge as seventeen months instead of nineteen months. This is insufficient. Hart has not made out a prima facie case under the FLSA's anti-retaliation provision and, consequently, her claim must fail.

Hart v. Hanover County Sch. Bd., No. 3:10-CV-794, 2011 U.S. Dist. LEXIS 13680, at *8 (E.D. Va. Feb. 11, 2011).

Hart now alleges the Court misunderstood her argument and her Complaint demonstrated the existence of a plausible claim. She argues she did not ask this Court to find an inference of retaliation solely based on the timing between her protected activity and her discharge. Instead, she claims, she alleged similarly-situated employees who did not engage in protected activity did not suffer any adverse action. She further claims her allegation of causation is supported by the fact that Defendants' reason for her discharge is false. The combination of "comparables" and the falsity of Defendants' explanation for her discharge supports an inference of retaliation.

3

Defendants argue Hart does not allege proper grounds for altering or amending a judgment. Hart does not claim an intervening change in controlling law; suggest discovery of new evidence; allege a clear error of law; or argue reopening this matter would prevent manifest injustice. Instead, Hart asks the Court to reopen the case simply because she believes the Court reached the wrong conclusion.

Defendants maintain Hart's arguments that the Court reached the wrong conclusion are crafted from allegations not found in her Complaint. Defendants contend the first argument – that "comparables" demonstrate Hart suffered disparate treatment – does not appear in the Complaint and cannot form the predicate for an argument that this Court erred in its ruling. The second argument – Defendants' reason for terminating Hart was pretextual – fails because pretext alone does not establish unlawful conduct. See Curry v. E-Systems, Inc., No. 94-1779, 1995 WL 729512, at *4 n.3 (4th Cir. Dec. 11, 1995). Because Hart did not allege causation initially and none of her arguments support a motion for reconsideration, Defendants believe the motion should be denied.

It is clear Hart is now attempting to make a deficient complaint sufficient. But "Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment[.]" Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). See also Durkin v. Taylor, 444 F. Supp. 879, 889 (E.D. Va. 1977) ("[w]hatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge.").

Hart's Complaint did not allege a causal connection between her protected activity, the 2005 lawsuit, and her termination and, thus, was insufficient to state a claim under the FLSA. Nowhere in Hart's Complaint is there an allegation that Hart was treated differently

4

than other drivers who failed to follow the purported post-trip inspection protocol. While Hart did generally raise the disparate treatment argument in her response to Defendants' Motion to Dismiss, the Court considered the argument, found Hart's Complaint insufficient, and dismissed the case. Hart may not re-argue the issue at this time.

Hart also contends the allegation of causation is supported by the fact that Defendants' explanation for her termination was pretextual. Hart essentially reiterates the argument made at the Motion to Dismiss stage. Courts may not, however, entertain on a motion to reconsider arguments previously made and rejected. Accordingly, Hart is not permitted to re-argue the pretext issue.

### IV. CONCLUSION

Hart has not alleged any of the grounds upon which the Court can grant a motion to alter or amend a judgment. To the extent she desires an adjudication of the correctness of this Court's judgment, those proceedings must take place before an appellate court. Accordingly, the Motion for Reconsideration is DENIED. Because a post-judgment motion to amend a complaint may not be granted unless the Court vacates the judgment under Rule 59(e), the Motion for Leave to File Amended Complaint is DENIED AS MOOT.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate Order shall issue.

_____/s/_____
James R. Spencer
Chief United States District Judge

ENTERED this __9th__ day of May 2011

5