UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| BETTY W. HART,<br><br>                                    Plaintiff,<br><br>v.<br><br>HANOVER COUNTY SCHOOL BOARD, *et al.*,<br><br>                                    Defendants. | Civil Action No. 3:10–CV–794 |

## **MEMORANDUM OPINION**

THIS MATTER is before the Court on remand from the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") to reconsider Plaintiff's Motion to Alter Judgment (ECF No. 20) and Motion for Leave to File First Amended Complaint (ECF No. 21). Plaintiff's motions ask the Court to reconsider its grant of Defendants' Motion to Dismiss and to grant leave to amend. The Court denied both motions on May 9, 2011 (ECF No. 27). Plaintiff appealed and the Fourth Circuit vacated the Court's Order and remanded for further consideration. This case arises under the Fair Labor Standards Act ("FLSA") and was brought by Betty Hart ("Plaintiff") against Hanover County School Board ("School Board") and Michael Ashby Sr. ("Ashby" or the "Director") (collectively "Defendants"). For the reasons stated below, Plaintiff's motions are once again DENIED.

## **BACKGROUND**

### A. Facts

Defendants employed Plaintiff as a Hanover County school bus driver. Am. Compl. ¶ 10 [hereinafter Compl.]. On April 28, 2005, Plaintiff, along with a group of fellow school bus drivers employed by the School Board, filed suit under the FLSA for unpaid overtime compensation. Compl. ¶ 11. In the suit, Plaintiffs alleged that the School Board was, *inter alia*,

1

refusing to pay for time spent performing work between dropping off the last child at school in the morning and parking her bus. Compl. ¶ 14. The suit formally ended on February 23, 2009, when this Court entered an order dismissing the suit with prejudice pursuant to a confidential settlement. Compl. ¶ 17. Nevertheless, according to Plaintiff, the parties had not resolved all of their disputes as to what was or was not compensable work time. Compl. ¶ 17. In mid-July 2010, Plaintiff drove away from school with a child still on the bus. Defs.' Mem. Opposing Mot. for Leave to Amend 2. On July 26, 2010, Defendants suspended Plaintiff from her employment and recommended her discharge. Compl. ¶ 19. Subsequently, Defendants discharged Plaintiff on September 24, 2010. Compl. ¶ 20.

Defendants' stated reason for the suspension and termination was that Plaintiff "knowingly violated a specific procedure about which she was repeatedly reminded." Compl. ¶ 21. The procedure Defendants state Plaintiff violated requires school bus drivers to perform post-trip inspections of the bus immediately after letting children off the bus at school prior moving the bus again. Compl. ¶ 24. Plaintiff claims that, at the time of Plaintiff's suspension and termination, Hanover County schools did not require school bus drivers to carry out such a procedure, and that Defendants were aware that no such policy was in effect. Compl. ¶¶ 25-26. Additionally, Plaintiff asserts that, at the time of the alleged violation, Defendants knew that other Hanover County bus drivers did not perform the inspections, yet no other Hanover County school bus drivers received any kind of discipline for violation of the procedure. Compl. ¶¶ 27-28. Finally, Plaintiff notes that, after her suspension, Defendants added a requirement for Hanover County bus drivers to check for students remaining on the school bus; Plaintiff claims this was a new procedure, not a restatement of existing policy. Compl. ¶ 30.

### B. Procedural Posture

Plaintiff initiated this suit by filing a Complaint against Defendants asserting willful violation of section 15(a)(3) of the FSLA. Under this section,

> it shall be unlawful for any person . . . to discharge or in any other manner

> discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding.

29 U.S.C. §215 (a)(3). Plaintiff alleged Defendants violated the FLSA by firing her in retaliation for her participation in the 2005 lawsuit. Defendants filed a motion to dismiss, which this Court granted. The Court determined that Plaintiff's Complaint alleged a causal connection based only on the time between her protected activity and her termination, and that the amount of time between the two was too great to make such a connection.

Plaintiff subsequently filed two motions: one to alter or amend judgment ("Rule 59(e) motion"), and one for leave to file an amended complaint ("Rule 15(a) motion"). This Court denied both motions, reasoning that it could not grant the Rule 59(e) motion because Plaintiff had not alleged any grounds upon which the Court could grant a motion under Federal Rule of Civil Procedure 59(e).[1] This Court further stated that a court cannot grant a post-judgment motion for leave to file an amended complaint under Rule 15(a) unless the judgment is vacated pursuant to Rule 59(e) or 60(b). The Court held that because it could not grant the Rule 59(e) motion, it could not grant the Rule 15(a) motion; therefore, the motion to amend was moot.

Plaintiff filed a notice of appeal, challenging the dismissal as well as the order denying Plaintiff's motions to reconsider and amend her Complaint. The Fourth Circuit affirmed this Court's order granting Defendants' motion to dismiss the original Complaint but vacated the order denying Plaintiff's Rule 59(e) and Rule 15(a) motions. *Hart v. Hanover Cnty. Sch. Bd.*, No. 11-1619, 2012 WL 4842041 (4th Cir. Oct. 12, 2012). The Fourth Circuit held that this Court abused its discretion by not properly analyzing Plaintiff's motion to amend. The Fourth Circuit held the Court should have evaluated the Rule 15 motion under the same legal standard as a similar motion filed before judgment, not based on the Rule 59(e) standard. The Fourth Circuit

---

[1] "It is well-settled . . . that there are only three grounds for granting a motion to alter or amend a judgment: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *Hart .v Hanover Cnty. Sch. Bd.*, No. 3:10-CV-794, 2011 WL 1791297, at *1 (E.D. Va. May 9, 2011), *vacated on other grounds Hart v. Hanover Cnty. Sch. Bd.*, No. 11-1619, 2012 WL 4842041 (4th Cir. Oct. 12, 2012) (quoting *Hutchinson v. Stanton*, 994 F.2d 1076, 1081 (4th Cir. 1993)).

remanded the matter to this Court to determine, in the first instance, whether Plaintiff is entitled to amend her Complaint under Rule 15(a).

## LEGAL STANDARD

Under Rule 15(a)(2), a party may amend its pleading with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). The rule suggests that courts "should freely give leave when justice so requires." *Id.* This broad rule gives effect to the "federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (citing *Conley v. Gibson*, 355 U.S. 41, 48 (1957)).

In order to succeed on a post-judgment motion to amend, the judgment must be vacated pursuant to Rule 59(e) or Rule 60(b). *See id.* at 427. Courts have held that delay alone "is an insufficient reason to deny the plaintiff's motion to amend." *See, e.g.*, *id.* To determine whether vacatur is warranted, courts must consider whether the motion to amend the complaint should be granted, just as it would on a prejudgment motion to amend pursuant to Rule 15(a). *See Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011), *cert. denied* 132 S.Ct. 115 (2011). A court "need not concern itself" with the legal standards for Rule 59(e) or 60(b) motions when dealing with a post-judgment motion to amend. *See id.* A "court need only ask whether the amendment should be granted, just as it would on a prejudgment motion to amend pursuant to [Rule] 15(a)." *Id.*

The Fourth Circuit has interpreted Rule 15(a) to mean that "leave to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber*, 438 F.3d at 426 (citing *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). Courts should only deny leave to amend on the grounds of futility when the proposed amendment is clearly insufficient or frivolous on its face. *See Johnson*, 785 F.2d at 10. If, however, a court determines that the amendment would be futile, leave to amend may be

4

properly denied. *See GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001).

In order to avoid denial on the basis of futility, a party seeking to amend must meet the requirements for the particular cause of action. *See Pfizer v. Teva Pharmaceuticals USA, Inc.*, 803 F. Supp. 2d 459, 461 (E.D. Va. 2011). To meet the requirements of a retaliation claim under the FLSA, a plaintiff must show that: "(1) [s]he engaged in an activity protected by the FLSA; (2) [s]he suffered adverse action by the employer subsequent to or contemporaneous with such protected activity; and (3) a causal connection exists between the [her] activity and the employer's adverse action." *Darveau v. Detecon, Inc.*, 515 F.3d 334, 340 (4th Cir. 2008) (citing *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342-43 (11th Cir. 2000)).

To avoid denial of leave to amend based on futility, a plaintiff must allege facts in her pleading that would establish each of the required elements sufficient to survive a motion to dismiss. A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the factual allegations of the pleadings. *See* Fed. R. Civ. P. 12(b)(6). Rule 8 of the Federal Rules requires a "short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading standard does not require "detailed factual allegations," *Bell Atlantic v. Twombly*, 550 U.S. 544, 554 (2007); neither does it need to be supported by evidence, *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). Yet, the complaint must "state a claim to relief that is plausible on its face." *Id.* at 193 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plausible claim contains more than just unadorned accusations, mere "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. 678.

In resolving a 12(b)(6) motion, a court must regard as true all of a plaintiff's well-pleaded allegations, *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), as well as any facts that could be proven consistent with those allegations, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). In contrast, the court does not have to accept legal conclusions couched as factual

allegations, *Twombly*, 550 U.S. at 555, or "unwarranted inferences, unreasonable conclusions, or arguments," *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000); *see also Iqbal*, 556 U.S. 678.

## DISCUSSION

The Court finds that amendment of Plaintiff's complaint would be futile, and therefore, denies Plaintiff's motions. While Plaintiff's Amended Complaint includes more allegations, she does not allege facts sufficient to find a causal connection between her protected activity and Defendants' adverse action. As noted by this Court and affirmed by the Fourth Circuit, the length of time between Plaintiff's protected activity and Defendants' adverse action is too long, on its own, to show a causal connection between the two. *Hart v. Hanover Cnty. Sch. Bd.*, No. 3:10-CV-794, 2011 WL 652524, at *3 (E.D. Va. Feb. 11, 2011), *aff'd Hart*, 2012 WL 4842041. The Supreme Court has stated that the temporal proximity must be "very close" in order to suffice as evidence of causality. *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (stating that actions taken 20 months after the protected activity suggest no causality by themselves, and noting that 3-4 months has been found insufficient). Here, whether the time is seventeen or nineteen months,[2] it is clear that the two events are not "very close." It is evident, therefore, that the length of time in this case, on its own, is an insufficient basis for finding a causal connection.

It is not, however, impossible for a former employee to allege a prima facie case based on circumstantial evidence where a significant length of time passed between the protected activity and the adverse employment action. While the Fourth Circuit has noted in dicta its belief that a lengthy time lapse negates any inference of a causal connection,[3] subsequent decisions have stated that, even in the face of a lengthy passage of time, other evidence of retaliation may

---

[2] There is some question as to whether the Court should consider the time Defendants suspended Plaintiff (seventeen months after the protected activity) or the time when Defendants terminated her (nineteen months after the protected activity) as the initiation of the adverse action. *See Hart v. Hanover Cnty. Sch. Bd.*, No. 3:10-CV-794, 2011 WL 652524, at *3 (E.D. Va. Feb. 11, 2011), *aff'd Hart*, 2012 WL 4842041. This question, however, does not alter the analysis below.

[3] *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 657 (4th Cir. 1998) ("We believe . . . [a] lengthy time lapse between the employer becoming aware of the protected activity and the alleged adverse employment action . . . negates any inference that a causal connection exists . . . .").

suffice to show a causal connection. *See Lettieri v. Equant Inc.*, 478 F.3d 640, 650 (4th Cir. 2007) (acknowledging that other relevant evidence may be used to establish causation, even where the plaintiff could not rely on temporal proximity because of the passage of seven months); *Causey v. Balog*, 162 F.3d 795, 803 (4th Cir. 1998) (stating that, absent other evidence of retaliation, a thirteen month interval between the charge and termination is too long to establish causation); *see also Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 281 (3rd Cir. 2000) (citing *Robinson v. Se. Pa. Transp. Auth.*, 982 F.2d 892, 895 (3rd Cir. 1993)) (stating that an intervening pattern of antagonism can be strong enough to overcome a lack of temporal proximity).

In the absence of temporal proximity, courts consider other circumstances when determining if a plaintiff has pled a prima facie case. Most frequently, courts look to ongoing retaliatory animus or intervening antagonism during the period between the protected activity and the adverse action in order to find a causal connection where there is a lack of temporal proximity. *See, e.g.*, *Lettieri*, 478 F.3d at 650; *Robinson*, 982 F.2d at 897-98. These cases tend to involve regular acts showing animus or antagonism, coupled with valid reasons why the adverse action was not taken immediately. For example, in *Lettieri*, the Fourth Circuit found a causal connection where the defendants discussed ways to fire the plaintiff and stripped her of a significant portion of her job responsibilities shortly after she filed a complaint, which enabled her employer to terminate her employment five months later based on the redundancy of her reconstituted role. *Lettieri*, 478 F.3d at 651. Similarly, in *Robinson*, the Third Circuit recognized a causal connection, despite the passage of nearly two years, based on a pattern of harassment, discipline for minor matters, and attempts to provoke the plaintiff. *Robinson*, 982 F.2d at 895. In both of these cases, the courts noted a pattern of animus and antagonism, which explained the lack of temporal proximity between the protected activity and the ultimate adverse action. Courts have also considered other factors, such as inconsistent explanations for termination, but again, generally courts proffer such considerations in conjunction with temporal proximity. *See*

*Equal Emp't Opp. Comm'n v. L.B. Foster Co.*, 123 F.3d 746, 753-55 (3rd Cir. 1997) (finding a causal connection based on inconsistent testimony, the employer's conduct on behalf of other employees, and the temporal proximity of the protected activity and the adverse action).

Plaintiff's Amended Complaint does not allege sufficient circumstantial evidence to find a causal connection. Plaintiff's Amended Complaint states that at the time Plaintiff allegedly violated a specific company procedure no such procedure or policy was in effect and that Defendants were aware of other bus drivers who did not perform the post-trip inspections, yet none of the other drivers received discipline of any kind. This however does not show a causal connection between Defendants' actions and her protected activity. Plaintiff does not provide any reason why such alleged retaliatory actions did not occur until seventeen months or more after the protected activity. Without some temporal proximity or an explanation for its absence, a court is unlikely to find a causal connection. Additionally, although Plaintiff notes that some matters from the prior litigation were still in unresolved,[4] she does not point to a pattern of animus or antagonism.

Furthermore, this Court already considered Plaintiff's general assertion of the disparate treatment argument when reviewing Plaintiff's response to Defendants' Motion to Dismiss and when denying Plaintiff's Rule 59(e) Motion. *Hart v. Hanover Cnty. Sch. Bd*, No. 3:10-CV-794, 2011 WL 1791297, at *3 (E.D. Va. May 9, 2011), *vacated on other grounds Hart*, 2012 WL 4842041. The Court finds, as it did when first considering the issue, Plaintiff does not allege sufficient circumstantial evidence to show a causal connection between her protected activity and the adverse actions taken by the defendants. Due to the absence of a causal connection, Plaintiff's request to amend her complaint would be futile. The Court therefore denies Plaintiff's motions.

---

[4] *See* Comp. ¶17.

**CONCLUSION**

For the reasons stated above, the Court DENIES Plaintiff's Motion for Leave to File First Amended Complaint. Denial of leave to amend results in Plaintiff's failure to allege any grounds upon which this Court could alter or amend its judgment, therefore the Court DENIES Plaintiff's Motion to Alter or Amend Judgment.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate order shall issue.

                                                          _____/s/_____
                                                          James R. Spencer
                                                          United States District Judge

ENTERED this   2nd   day of May 2013.